**Barry CADE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0609–CR–760.

Court of Appeals of Indiana.

Aug. 23, 2007.

Jill M. Acklin, Westfield, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION—FOR PUBLICATION

MAY, Judge.

Barry Cade brings this interlocutory appeal of the denial of his motion to suppress a small bag of a white substance alleged to be cocaine, which was seized from him during a search incident to his arrest. He asserts the police behavior leading to his arrest requesting his identification when he was a passenger in a car stopped for an expired license plate and entering that information into the police computer-was unreasonable under Article I, Section 11 of the Indiana Constitution. We affirm the denial of Cade's motion to suppress.

### FACTS AND PROCEDURAL HISTORY

On June 4, 2005, Barry Cade was riding with his wife in their car, when an India-

napolis Police Department officer stopped the car because the sticker on the license plate had expired in March 2005. The officer ran a computer check on the plate number and determined the plate was expired. The officer approached the car and asked both Cade and his wife for identification. The officer used his computer to run both names through the law enforcement database. A warrant was outstanding for Cade in Texas, and he was arrested. During the search incident to arrest, police found what they believed to be cocaine.

The State charged Cade with possession of cocaine.[1] Cade filed a motion to suppress. After a hearing, the court denied the motion, but certified the denial for interlocutory appeal. We accepted jurisdiction.

## DISCUSSION AND DECISION

We review a trial court's ruling on a motion to suppress similarly to other sufficiency issues. *State v. Quirk*, 842 N.E.2d 334, 340 (Ind.2006). "We do not reweigh the evidence, and we consider conflicting evidence most favorably to the trial court's ruling." *Id.* We affirm if the record contains substantial evidence of probative value to support the trial court's decision. *Id.*

Article I, Section 11 provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated...."

The purpose of this article is to protect from unreasonable police activity those areas of life that Hoosiers regard as private. The provision must receive a liberal construction in its application to guarantee the people against unreasonable search and seizure. In resolving challenges asserting a Section 11 violation, courts must consider the circumstances presented in each case to determine whether the police behavior was reasonable. We place the burden on the State to show that under the totality of the circumstances its intrusion was reasonable.

*Quirk*, 842 N.E.2d at 339–40. To assess the totality of the circumstances, we must consider "both the degree of intrusion into the subject's ordinary activities and the basis upon which the officer selected the subject of the search or seizure." *Myers v. State*, 839 N.E.2d 1146, 1153 (Ind.2005). Factors we balance include: "1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities, and 3) the extent of law enforcement needs." *Id.*

Cade acknowledges the expired tag on the plate justified a traffic stop. He claims, however, that because he was merely a passenger in the stopped car and because he had done nothing to arouse suspicion, the officer's request for his identifying information was unreasonable.

Assuming *arguendo* Cade was seized for purposes of Article I, Section 11, we cannot find the police behavior unreasonable. As the officer approached the car, he would have had little, if any, concern, suspicion, or knowledge Cade had committed a crime.[2] However, because the traffic

---

1. Ind.Code § 35–48–4–6.

2. Cade makes much of the fact that he and his wife were in a high drug trafficking area. We have no doubt this may have increased the officer's suspicion that a person in the car may have had an active warrant. We also believe it would have increased the officer's concern for his personal safety, as drug trafficking frequently involves the presence of firearms. Therefore, we decline Cade's re-

stop was valid, the degree of intrusion caused by an officer asking a passenger his name is minimal. *See, e.g., Cochran v. State,* 843 N.E.2d 980, 985 (Ind.Ct.App. 2006) (where officer approached person standing on sidewalk, request for name was minimal intrusion), *reh'g denied, trans. denied* 860 N.E.2d 584 (Ind.2006), *cert. denied* — U.S. ——, 127 S.Ct. 943, 166 L.Ed.2d 722 (2007).

■ In addition, for officer safety reasons, we permit officers to verify the identity of those with whom they are interacting. As Judge Barnes explained in *Cochran:*

> Law enforcement needs should allow that when police officers have been requested as part of their duties to interact with an individual, they should be free to verify that that person does not have known or suspected dangerous propensities. This goal can be accomplished by checking the person's name against law enforcement records.

*Id.*

We conclude the police conduct in this case was reasonable and, therefore, did not violate Article I, Section 11 of the Indiana Constitution. The trial court properly denied Cade's motion to suppress, and we affirm.

Affirmed.

SHARPNACK, J., and BAILEY, J., concur.

quest we find the request for identification unreasonable on that ground.